NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| REHABCARE GROUP EAST, Inc., | : |
| Plaintiff, | : |
| v. | : Civil No. 06-2128 (AET) |
| TRENTON CONVALESCENT OPERATING CO., et al., | : **MEMORANDUM & ORDER** |
| Defendants. | : |

THOMPSON, U.S.D.J.

I. Introduction

This matter comes before the Court on Defendants Trenton Convalescent Center Operating Co., L.P., Barnegat Operating Co., L.P., Galloway Healthcare, L.P., and Seniors Management – North, Inc.'s ("Seniors North") Motion to Dismiss Counts One through Five, in their entirety, of Plaintiff RehabCare Group East, Inc.'s Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The Court has decided this motion based upon the submissions of both parties and without oral argument pursuant to Fed. R. Civ. P. 78.  For the following reasons, Defendants' Motion to Dismiss is denied with regard to Counts One through Four, and granted for Count Five.

II. Background

Plaintiff, a Delaware corporation with its principal place of business in St. Louis, provides therapy to residents of long-term care facilities.  Plaintiff alleges that it entered into several agreements with Defendants, except Seniors North, to provide such services.  The

Defendants are limited partnerships, except Seniors North, which is a corporation, and all Defendants have their principal places of business in New Jersey.  Plaintiff alleges it performed all obligations under the agreements while Defendants repeatedly refused to meet their obligations.  Plaintiff held various conferences with Defendants regarding their failure to perform during which Defendants allegedly represented to Plaintiff that the outstanding balance would be paid. (Compl. at 12.)  Further, Defendants gave assurances and made modifications to the agreements with Plaintiff that "induced [Plaintiff] to continue to provide services." (Compl. at 21.)

Plaintiff further alleges that Medicare reimbursed Defendants for Plaintiff's services, and because Defendants did not disburse such funds to Plaintiff, Defendants "directly or indirectly benefitted from such reimbursements." (Compl. at 22.)  Plaintiff asserts that although Seniors North was not a party to the agreements, it exercised such "management control to cause the other defendants to breach the therapy services agreements." (Compl. at 23.)

Based on the above facts, Plaintiff claims that Defendants; (1) breached the contracts made with Plaintiff; (2) committed promissory estoppel; and (3) were unjustly enriched from receipt of Plaintiff's services and Medicare funds intended for Plaintiff.  Further, Plaintiff alleges Seniors North; (4) tortiously interfered with the agreements; and (5) breached a fiduciary duty owed to Plaintiff by paying itself excessive compensation, prior to paying Plaintiff; in essence, favoring certain creditors over others.

### III. Discussion

As a threshold matter, without discovery, and without the lawyers briefing the issue, it would be premature for the Court to conduct a choice of law analysis.  See D'Agostino v.

Johnson & Johnson, 559 A.2d 420, 429 (N.J. Sup. Ct. 1989) (stating "without discovery, any evaluation of what law applies to this case would also be premature"). Because Defendants assume for the purposes of their motion that New Jersey law applies, and Plaintiff has not contested this matter, the Court will apply New Jersey law.

    A. Breach of Contract

    The Court denies Defendants' motion to dismiss for failure to state a claim of breach of contract. Despite Defendants' assertions to the contrary, the Federal Rules do not require the Plaintiff to include the contract with the complaint, or allege specific provisions violated in the contract, or specify the damages that were incurred. See In re Tower Air, Inc., 416 F.3d 229, 237 (3d Cir. 2005) (stating "we recently rejected a [party's] argument that a complaint 'lacked sufficient factual support' with the terse declaration that a plaintiff need not plead facts."); Quantum Color Graphics, LLC v. The Fan Assoc. Event Photo GMBH, 185 F. Supp. 2d 897, 905-06 (N.D. Ill. 2002) ("Although Fed. R. Civ. P. 10(c) *permits* a plaintiff to attach a contract to the complaint, nothing in the federal rules *requires* a plaintiff to do so.") (emphasis in original). Defendants cite no authority for requiring such fact specific pleading because no such authority exists.

    Regarding Seniors North, both parties agree they did not enter into a contract together. On that basis, Defendants demand that Plaintiff's claim of breach of contract against Seniors North be dismissed. Plaintiff counters that Seniors North's management and control of the other Defendants expose it to a breach of contract claim. The issue the Court needs to decide is whether Plaintiff sufficiently pled facts which, if true, set forth a basis for piercing the corporate veil of the other Defendants to hold Seniors North liable for their breaches.

An intermediate pleading standard falling between Fed. R. Civ. P. 8(a)(2) and 9(b) applies when a plaintiff alleges that the wrongs of a subsidiary should be imputed to a parent company under a piercing theory that alleges "injustice." Jack LaLanne Fitness Ctrs., Inc. v. Jimlar, Inc., 884 F.Supp. 162, 165 (D.N.J. 1995) (citing Allied Corp. v. Frola, 701 F.Supp. 1084, 1088 (D.N.J. 1988)).  This requires that Plaintiff allege with "some degree of specificity" that a parent company had (1) control over subsidiaries; and (2) committed some "injustice." Id.  Here, Plaintiff alleges that Seniors North used its "management" and "control" over the other Defendants to "cause the other defendants to breach the therapy services agreements."  Further, Plaintiff alleges that Seniors North, upon receiving the benefit of Plaintiff's services, kept Medicare disbursements that were supposed to be used to pay Plaintiff.  These pleadings certainly amount to an allegation that Seniors North "perpetrate[d] . . . a fraud or injustice," sufficient to survive a motion to dismiss.  See, e.g., Coyer v. Hemmer, 901 F.Supp. 872, 883 (D.N.J. 1995) (holding a plaintiff's claim of breach of contract by a subsidiary was sufficiently pled against the parent company, based on its mismanagement of the subsidiary).

B. Promissory Estoppel

Defendants state that Plaintiff "fails to allege any facts as to what promise was made or by whom."  (Defs.' Mot. to Dismiss at 5.)  Plaintiff did, however, allege that Defendants' "made representations" to Plaintiff "for the purpose of inducing it" to continue providing services, and that Plaintiff "reasonably relied" on these representations to its "detriment." (Compl. at 32-33). As such, Plaintiff has pled all material elements of the claim, surviving the motion to dismiss. Rodichok v. Limitorque, Corp., No. CIV. A. 95-3528, 1997 WL 392535, at *13 (D.N.J. July 8, 1997) (" Under New Jersey law, the elements of a promissory estoppel claim are: (1) a clear and

4

definite promise; (2) the promise is made with the expectation that the promisee will rely on it; (3) the promisee in fact reasonably relies on the promise; and (4) the promisee suffers a definite and substantial detriment as a result of the reliance such that the promise should be enforced to avoid injustice.").

    C. Unjust Enrichment

Defendants argue Plaintiff failed to allege facts sufficient to state a claim for unjust enrichment. Plaintiff states clearly that it provided services to the contracting parties for which it was not compensated, and furthermore, that Defendants received Medicare remittance for Plaintiff's work and kept this money. Such allegations firmly set forth a claim that Plaintiff; (1) "expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that [(2)] the failure of remuneration enriched defendant beyond its contractual rights." See VRG Corp. v. GKN Realty Corp., 641 A.2d 519 (N.J. Sup. Ct. 1994) (defining the elements of a claim for unjust enrichment).[1] The claim therefore survives.

Defendants further argue that because Seniors North received no services directly from Plaintiff, it cannot be subject to a claim of unjust enrichment. This argument fails, however, as Plaintiff need not allege that it dealt directly with Seniors North to succeed on a claim of unjust

---

[1] Defendants assert throughout their motion to dismiss that Plaintiff alleges inconsistent causes of action, such as breach of contract and unjust enrichment, and Defendants seek dismissal on this basis. The Court refers Defendants to Fed. R. Civ. P. 8(e)(2) which allows a plaintiff to plead inconsistent causes of action. At this nascent stage of the litigation where it is unclear what, if any, contract exists, the Court is loathe to foreclose causes of action that Plaintiff has sufficiently pled, which may or may not be borne out by discovery. In re Prudential Ins. Co. of Am. Sales Practices Litig., 975 F. Supp. 584, 621-22 (D.N.J. 1996) (denying a motion to dismiss a claim of unjust enrichment stating "the mere existence of a written contract between the parties does not bar an unjust enrichment claim; if the written document is unenforceable, the plaintiff may have an unjust enrichment claim").

enrichment.  See, e.g., In re K-Dur Antitrust Litig., 338 F. Supp. 2d 517, 544-45 (D.N.J. 2004) ("Defendants' . . . argument that an unjust enrichment claim requires an allegation that Plaintiffs dealt directly with Defendants, is also without merit.") (citing Benefit Trust Life Ins. Co. v. Union Nat'l Bank, 776 F.2d 1174, 1177 (3d Cir.1985) (stating that "the essence of the doctrine of unjust enrichment is that there is no direct relationship between the parties")).  Plaintiff's contention that Seniors North benefitted from its services and received ill-gotten proceeds from Medicare constitutes a sufficient pleading of unjust enrichment.

    D. Tortious Interference With Contracts

The Court denies Defendants' motion to dismiss Plaintiff's claim of tortious interference against Seniors North.  Plaintiff alleges "Seniors [North] used its management control of defendants to intentionally and without justification cause the other defendants to breach the therapy services agreements with RehabCare." (Compl. at 43).  Plaintiff pled the exact elements of the claim, therefore the claim should not be dismissed.  See Woods Corp. Assoc. v. Signet Star Holdings, 910 F. Supp. 1019, 1031 (D.N.J. 1995) (stating a claim of tortious interference with a contract requires a showing of "intentional doing of a wrongful act without justification or excuse").

    E. Breach of Fiduciary Duty

Lastly, Defendants' motion to dismiss Plaintiff's claim of breach of fiduciary duty is granted.  Plaintiff argues that Seniors North, as the manager and controller of the other Defendants, owed a fiduciary duty to Plaintiff, an involuntary creditor of Defendants. (Compl. at 46-50.)   This theory of liability is unsupported by case law.  Courts, at times, have found directors and officers of an insolvent company may owe a fiduciary duty to creditors and these

officers may not prefer payment to themselves from the company's coffers prior to paying the creditors. See AYR Composition, Inc. v. Rosenberg, 619 A.2d 592, 597 (N.J. App. Div. 1993). However, Plaintiff failed to allege that Seniors North paid themselves with the other Defendants' funds. Further, Plaintiff cites no authority for the proposition that a management company owes a fiduciary duty to creditors of the companies that it manages. Therefore, even if all the facts alleged by Plaintiff were true, the complaint could not support a cause of action for breach of fiduciary duty. Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003) (stating a motion to dismiss should be granted when "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief").

### IV.  Conclusion

For the reasons given above, and for good cause shown,

It is on this 18th day of September 2006,

**ORDERED** that Defendants' Motion to Dismiss [4] is **GRANTED IN PART AND DENIED IN PART**.

s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.